IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ASHLEY M. WOODRUFF                                                                                      PLAINTIFF

VERSUS                                                         CIVIL ACTION NO.: 1:21CV248-HSO-JCG

CMH HOMES, INC.                                                                                          DEFENDANT

**ANSWER AND DEFENSES**

CMH Homes, Inc., Defendant in the above captioned action, files its Answer and Defenses to the Complaint exhibited against it, and in support says:

**FIRST DEFENSE**

The Complaint fails to state a claim against the Defendant CMH Homes, Inc. ("CMH") upon which relief may be granted and should be dismissed with cost assessed to the Plaintiff.

**SECOND DEFENSE**

The claims and causes of actions alleged by the Plaintiff Ashley M. Woodruff are subject to compulsory mediation, and should mediation fail, mandatory binding arbitration pursuant to that certain "Binding Dispute Resolution Agreement" signed by the Plaintiff and signed on behalf of the Defendant CMH dated April 23, 2019.

**THIRD DEFENSE**

For further answer to the Plaintiff's Complaint, paragraph by paragraph, and without waiving any defenses, CMH says:

1. The allegations of Paragraph I of the Complaint are admitted.

2. The allegations of Paragraph II of the Complaint are admitted.

3. CMH admits that the manufactured home described in the Complaint was installed in Pearl River County, Mississippi. Otherwise, CMH denies the allegations of Paragraph III of the Complaint.

4. CMH admits that the Plaintiff and her husband executed a sales agreement for purchase of the manufactured home described in the complaint. CMH admits that it is the retail seller of the manufactured home to Ashley Moore Woodruff and Winfield Gregory Woodruff as alleged in Paragraph IV of the Complaint.

5. CMH admits that the sales agreement provides for delivery, set-up, level and anchor, install A/C, steps and trim out.

6. CMH denies the allegations of Paragraph VI of the Complaint.

7. CMH denies the allegations of Paragraph VII of the Complaint.

8. CMH is without knowledge or information sufficient to form a belief as to the allegations of Paragraph VIII of the Complaint.

9. CMH denies the allegations of Paragraph IX of the Complaint.

10. CMH denies the allegations of Paragraph X of the Complaint, including a denial of subparagraphs a-e, inclusive.

11. CMH denies the allegations of Paragraph XI of the Complaint.

12. CMH denies the allegations of Paragraph XII of the Complaint.

13. Answering the last unnumbered paragraph of the Complaint beginning with the word "**WHEREFORE**" and ending with the phrase "shall deem appropriate.", the Defendant denies that the Plaintiff is entitled to judgment or any relief against the Defendant CMH Homes, Inc.

**FOURTH DEFENSE**

To the extent that the injuries and damages alleged by the Plaintiff are the result of pre-existing conditions or other causes unrelated to the accident described in the Complaint the Plaintiff is prohibited from recovery against the Defendant.

**FIFTH DEFENSE**

The sole proximate cause, or proximate contributing cause of the damages claimed by the Plaintiff is the negligence or other acts or omissions of the Plaintiff, or the negligence or other acts or omissions of other individuals or entities for whom CMH has no responsibility.

**SIXTH DEFENSE**

To the extent that the Plaintiff has failed to mitigate her damages as required by law, she is precluded from recovery against CMH.

**SEVENTH DEFENSE**

If the Plaintiff has sustained damages as alleged in her Complaint, such damages are the result of superseding and/or intervening causes unforeseeable to CMH.

**EIGHTH DEFENSE**

The Plaintiff has failed to join necessary and indispensable parties Defendant to this civil action.

**NINTH DEFENSE**

If CMH failed to comply with any lawful duty or obligation owed to the Plaintiff, by contract, by statute, or otherwise, such failure was not intentional nor attended by willfulness, malice or gross negligence.

## TENTH DEFENSE

The Plaintiff's Complaint does not contain allegations against CMH which, if true, would allow or support an award of the fees and costs of litigation she describes in the *ad damnum* final paragraph of the Complaint.

And now, having answered the allegations of the Complaint, paragraph by paragraph, and having set forth its additional and affirmative defenses, the Defendant CMH Homes, Inc., moves the Court to dismiss the Complaint against it and award CMH its cost.

RESPECTFULLY SUBMITTED this the 29th day of July 2021.

                                                                                                    CMH HOMES, INC. DEFENDANT

                                          BY:   */s/ James L. Quinn*
                                                  JAMES L. QUINN, ITS ATTORNEY

James L. Quinn, MSB#4590
Attorney at Law, PLLC
P. O. Box 271
Hattiesburg, MS 39403-0271
(601) 544-1842 - Telephone
(601) 544-1846 - Facsimile
jlq@jimquinlaw.com

## CERTIFICATE OF SERVICE

      I, James L. Quinn, do hereby certify that on the 29th day of July, 2021, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

M. Scott Bishop, Esq.
Morris Bart, Ltd.
1712 15th Street, Suite 300
Gulfport, MS 39501

THIS the 29th day of July, 2021.

                                                   */s/ James L. Quinn*
                                                   JAMES L. QUINN